The Chief Justice
delivered the opinion of the court.*
This was an ejectment. The evidence adduced in support of the title of the lessor of the plaintiff, was, in substance, the same as that stated in the opinion in the case of Voorhies against White’s heirs. On the part of the defendant it appeared, that after the possession of the farm in dispute had been held for about eight years under Lewis Graig, who derived title from Mallary, a decree of eviction was obtained, in virtue of an adverse claim against Craig;
Though the right of entry under an elder patent be tolled by length of possession, yet it is a sufficient defence in ejectment against a claim deriv’d under a junior patent. A right of entry cannot subsist in a junior patentee, when there is an elder grant for the same land. Vide 1 Marshall 4, Shannon vs. Kenny & al. and ib 532, Chiles vs. Calk.
Bibb for appellant, Hardin contra.
and that those claiming the adverse title, then entered upon the farm in dispute, and have held the possession ever since. The defendant also produced the grant from the commonwealth to James Stewart and Charles Morgan, of elder date than that to Mallary, and covering the land in controversy, as was admitted by the parties.
The circuit court thereupon, at the instance of the defendant, instructed the jury, that the elder grant to Stewart and Morgan was such a subsisting title out of the lessors of the plaintiff as to defeat the action. To the giving of this instruction the plaintiff excepted. And the only question the record presents, is, whether the circuit court erred in their decision or not?
We are of opinion that the decision of the circuit court is substantially correct. It is true, if the possession under Mallary’s grant, and the possession under the adverse claim through which the defendant holds, be united, they would constitute a possession of more than twenty years before the commencement of this suit, and of course it would be sufficient to toll the right of entry derived from the grant to Stewart and Morgan.
But admitting the right of entry, derived from Stewart find Morgan’s grant, to be tolled, still their grant being elder than that of Mallary, was sufficient to shew that a right of entry could not be derived from the latter, and the possession under it not having been continued for twenty years, could not, independent of the grant, have conferred a right of entry. The grant to Stewart and Morgan, therefore, though not a subsisting title, was such a title as was sufficient to defeat the right of recovery on the part of the lessor of the plaintiff.
Judgment affirmed with costs.

 Absent, Judge Rowan.